FILED
APR 23 2007
APR 23 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 07CV2231<br>) JUDGE KENNELLY<br>) MAGISTRATE JUDGE ASHMAN<br>) |
| THE CITY OF CHICAGO, a municipal corporation and UNKNOWN POLICE OFFICERS | )<br>) Magistrate Judge<br>)<br>) Plaintiff Demands Trial by Jury<br>) |
| Defendants. | ) |

## COMPLAINT

**NOW COME** the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, by and through their attorneys, DOUGLAS HOPSON, ESQ. and BENJAMIN OBI NWOYE, ESQ. complaining of the Defendants City of Chicago and Unknown Police Officers, and alleges as follows:

### PRELIMINARY STATEMENT

1. This action seeks compensatory and punitive damages plus cost of this action for Civil Rights violations committed by the Defendants under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States.

### JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

1

## VENUE

3. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

## PARTIES

4. At all times herein relevant, Plaintiffs were citizens and residents of the County of Cook, State of Illinois, and the United States of America.

5. Defendant City of Chicago is a Municipal Corporation organized under the laws of the State of Illinois.

6. Defendants Unknown Police Officers were employed by the City of Chicago Police Department.

7. Plaintiffs sue Defendants Unknown Police Offices in their individual capacities.

8. At all times material to this Complaint, Defendants Unknown Police Officers acted under color of the statutes, customs, ordinance and usage of the State of Illinois, the City of Chicago and the Chicago Police Department.

## COUNT I

### Unknown Police Officers

9. On or about March 26, 2006, plaintiffs were lawfully on a public street located at approximately 9000 South Mackinaw Street in Chicago, Illinois.

10. On said time and place, the Police Officers were present on the same vicinity in their capacity as Chicago Police Officers.

11. The Defendants detained Plaintiffs for several minutes without probable cause. During said period of detention, Plaintiffs were subjected to an intrusive body search by Defendant Unknown Police Officers.

12. Plaintiffs were arrested and charged with soliciting unlawful business. The charges against each Plaintiff are identified by case numbers: I6151405, I6151404, I6151407, I6115512, I6151406, respectively.

13. The hearings related to each plaintiff's charges were held on April 24, 2006.

14. On April 24, 2006, Plaintiffs appeared in court with their attorney. Plaintiff answered ready for trial.

15. Knowing that they had achieved their evil and malicious purpose, the Police Officers intentionally failed to appear as witnesses for the City of Chicago.

16. The court entered an order dismissing the criminal charge against each plaintiff.

17. As a result of the aforesaid unlawful and malicious conduct, the Police Officers deprived Plaintiffs of their liberty without due process of the law and deprived them of equal protection of the laws, in violation of the Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C. § 1983.

18. As a direct and proximate result of the aforesaid acts of the Unknown Police Officers, the plaintiffs then and there sustained psychological injuries.

**WHEREFORE**, the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment against Defendants Unknown Police Officers in a dollar amount which will fully and fairly

compensate them for their injuries and damages and punitive damages in an amount sufficient to deter others and punish these defendants; and such other relief as the Court deems, just, proper and equitable.

## COUNT II

### City of Chicago

19. Plaintiffs reallege paragraphs 1-18 of Count I as paragraphs 1-18 of Count II and hereby incorporates them in this Count as though fully set forth herein.

20. At all times relevant to this Complaint the Unknown Police Officers were acting under the direction and control of the Defendant City of Chicago.

21. Acting under color of law and pursuant to official policy or custom, Defendant City of Chicago, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis the Unknown Police Officers in their duties to refrain from making illegal arrests of black male individuals on the public streets of Chicago, conducting illegal search and seizure against young black male citizens of this country, including but not limited to plaintiffs.

22. Defendant City of Chicago had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the Unknown Police Officers were not properly trained, supervised or controlled and would commit the acts heretofore alleged.

23. Defendant City of Chicago had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

24. Defendant City of Chicago directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Unknown Police Officers heretofore described.

25. As a direct and proximate result of the willful and wanton acts of Defendant City of Chicago the plaintiffs suffered severe mental anguish and emotional distress in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment against Defendant City of Chicago in a dollar amount which will fully and fairly compensate them for their injuries and damages and such other relief as the Court deems just and proper.

## COUNT III

### Unknown Police Officers

26. Plaintiffs reallege paragraphs 1 through 25 as though fully alleged herein.

27. Plaintiffs sue the Unknown Police Officers individually and in their official capacities.

28. The acts of the Unknown Police Officer as set forth above, violated Plaintiff's right to equal protection of the law and 42 U.S.C. § 1983 and directly and proximately caused the Plaintiffs' injuries, pain suffering, severe mental distress, anguish, humiliation, shame and loss of liberty.

WHEREFORE, the Plaintiff, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment as compensatory damages against UNKNWON POLICE OFFICERS in an amount as the jury and the Court shall deem proper. Plaintiffs demand punitive damages to punish these Defendants to deter others, including but not limited to, other Sworn Police Officers and other persons entrusted with public office from committing similar heinous conduct. Additionally, Plaintiffs demand costs of said suit.

## COUNT IV

### City of Chicago

26. Plaintiffs reallege paragraphs 1 though 25 as though fully alleged herein.

27. The actions of the City of Chicago, its agents and employees as alleged above, were done pursuant to one or more interrelated official policies, practices and/or customs of the City of Chicago, its police department, its Police Board, its O.P.S. and I.A.D., its Personnel Division, its Superintendent and its Chief of Police.

28. It is believed that on or before the time and date of the event alleged herein the City of Chicago and its Police Department, Superintendents, Chief of Police, O.P.S., I.A.D., Personnel Division and/or Police Board had interrelated policies, practices, and customs which included:

    (a)    Failure to properly hire, train, supervise, discipline, transfer, counsel and otherwise control police officers who engaged in abuse of police power, excessive use of force;

    (b)    Police Code of Silence, particularly in cases where police officers engaged in illegal search and seizure, false arrest, false imprisonment and malicious prosecution; and

    (c)    Use of intimidation, false criminal charges, false arrest, false imprisonment and other illegal tactics to prevent private citizens

6

from reporting criminal acts committed by sworn members of the Chicago Police Department.

29. The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct, particularly illegal stopping of young black males on public streets, false arrest of young black males, false imprisonment of young black males and malicious prosecution of young black males, of which they were aware, despite their obligation under police regulations to do so.

30. The fact that the aforementioned code of silence exists, and that its adverse impact is allowed to occur through the actions and inactions of high ranking police officials including Police Superintendents and/or Police Chief is evidenced by the fact that no official disciplinary action was taken against the Unknown Police Officers by the City of Chicago for their actions.

31. The aforementioned policies, practices and/or customs of failing to supervise, discipline, control, police code of silence, humiliation of victims of police brutality, use of intimidation, false criminal charges, threat of criminal prosecution, false arrest, false imprisonment, malicious prosecution and other illegal tactics to prevent private citizens from reporting criminal conduct committed by sworn members of the Chicago Police Department, directly and proximately caused injuries to the Plaintiffs in this case.

32. The interrelated policies, practices and customs set forth above, both individually and collectively were maintained and implemented with deliberate indifference and encouraged the Police Officers to commit the aforesaid acts against the

Plaintiffs and acted as direct and proximate causes of said constitutional violations and injuries to the Plaintiffs.

33. These policies, practices and customs of encouraging the use of unconstitutional tactics in conducting the business of law enforcement were separately and together, a direct and proximate cause of the unconstitutional acts committed by the individual Defendants Unknown Police Officers in this case and the injuries sustained by the Plaintiffs.

**WHEREFORE**, the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL demand judgment against the CITY OF CHICAGO in an amount, as the jury and the Court shall deem proper.

## COUNT V

### Unknown Police Officers and City of Chicago

26. Plaintiffs reallege paragraphs 1 through 25 of this Complaint as though fully alleged herein.

27. Plaintiffs sue the Unknown Police Officers in their individual capacity.

28. The acts of the Unknown Police Officers as set forth above, were intentional, harmful and offensive so as to constitute the torts of battery under the laws and constitution of the State of Illinois, and did directly and proximately cause Plaintiffs' injuries, as alleged above.

**WHEREFORE**, the Plaintiff, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment as compensatory damages against UNKNOWN POLICE OFFICERS and the CITY OF CHICAGO in an amount as the jury and the Court shall deem proper. Plaintiffs demand punitive damages

to punish Defendants Unknown Police Officers and deter others, other persons entrusted with public office from committing similar heinous conduct. Additionally, Plaintiffs demand costs of said suit.

## COUNT VI

### Unknown Police Officers and City of Chicago

26. Plaintiffs reallege paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Plaintiffs sue the Unknown Police Officers individually.

28. The acts of the Unknown Police Officers as set forth above, were intentional, malicious and designed to cause harm to the Plaintiffs so as to constitute the tort of malicious prosecution under the laws and constitution of the State of Illinois, and did directly and proximately cause Plaintiffs' injuries, as alleged above.

29. That as a direct and proximate result of the aforesaid acts, Plaintiffs then and there sustained severe mental and emotional pain, suffering, anguish, distress, embarrassment and humiliation social stigma associated with being a criminal suspect. Plaintiffs have in the past and will in the future be required to incur attorneys' fees and other costs in an attempt to defend themselves and clear themselves of the false accusations.

**WHEREFORE**, the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment as compensatory damages against UNKNOWN POLICE OFFICERS and the CITY OF CHICAGO in an amount as the jury and the Court shall deem proper. Plaintiffs demand punitive damages to punish Defendants Unknown Police Officers and deter other persons

entrusted with public office from committing similar heinous conduct. Additionally, Plaintiffs demand costs of said suit.

## COUNT VII

### Unknown Police Officers and City of Chicago

26. Plaintiffs reallege paragraphs 1 though 25 as though fully set forth herein.

27. Plaintiffs sue the Unknown Police Officers in their individual capacities.

28. The aforesaid conduct of the Unknown Police Officers was extreme and outrageous.

29. By their conduct, the Unknown Police Officers intended to inflict severe emotional distress and/or knew that there was a high probability that their conduct would cause the Plaintiffs to suffer severe emotional distress.

30. As a direct and proximate result of the conduct of the Unknown Police Officers Plaintiffs were injured and suffered severe emotional distress.

**WHEREFORE**, the Plaintiffs, MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL, demand judgment against UNKNOWN POLICE OFFICERS and the CITY OF CHICAGO in an amount, as the jury and the Court shall deem proper. Plaintiffs demand punitive damages to punish Defendants Unknown Police Officers and deter other persons entrusted with public office from committing similar heinous conduct. Additionally, Plaintiffs demand costs of said suit.

By: _____
Douglas Hopson

By: _____
Benjamin Nwoye

Douglas Hopson
Benjamin Nwoye
203 North Wabash Ave. Suite 2200
Chicago, Illinois 60601
Phone No: (312) 658-1660
Fax No: (312) 658-1662
Attorney Number 6275612