# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HAYNES, EDWARD REID, RICKEY JONES, JAMES GREEN and JOHN WARDELL,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO, a municipal corporation, OFFICER IVAN RAY, an individual, OFFICER TERRENCE MCMAHON, an individual, OFFICER LOU TOTH, an individual, OFFICER RODOLFO CAMARILLO, an individual, and OFFICER HARRIS, an individual.<br><br>Defendants. | CASE NO.: 07-CV-2231 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Individual Defendants' Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' State Law Claims as Time Barred (DE 41), filed on January 10, 2008. Plaintiffs' response was due on February 25, 2008. This deadline has passed, and Plaintiffs have not responded to Individual Defendants' motion. For the following reasons, the Court grants Individual Defendants' motion.

**I.    Background**

On April 23, 2007, Michael Haynes, Edward Reid, Rickey Jones, James Green, and John Wardell filed a seven-count complaint against the City of Chicago and unknown police officers, alleging violations of Plaintiffs' constitutional rights and tortious conduct under Illinois law. Plaintiffs allege that on March 26, 2006, they were detained without probable cause and then unlawfully arrested and searched by Chicago police officers. On August 20, 2007, Plaintiffs filed

an amended complaint to name the individual officers – originally pled as "unknown officers" – and to add new counts. Specifically, the amended complaint alleges claims for violations of Plaintiffs' Fourteenth Amendment right to liberty without due process of law (Counts I – V); violations of Plaintiffs' rights to equal protection (Counts VII – XI); claims for battery under Illinois law (Counts XIII – XVII); claims for malicious prosecution under Illinois law (Counts XIX – XXIII); and claims for intentional infliction of emotional distress under Illinois law (Counts XXV – XXIX). Plaintiffs have also sued the City of Chicago. On January 10, 2008, Individual Defendants Ivan Ray, Terrence McMahon, Lou Toth, Rodolfo Camarillo, and Officer Harris (Star #12185) moved to dismiss Plaintiffs' state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that these claims are barred by the applicable statute of limitations. Plaintiffs have not responded to Individual Defendants' motion to dismiss.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health*

*Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Although the statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint, "if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); see also *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("if [a plaintiff] pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). When the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by saying nothing. See, *e.g.*, *Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n. 14 (7th Cir. 1998) (citing *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1107 n. 6 (6th Cir. 1995)).

### B. Statute of Limitations on State Law Claims

As set forth above, Plaintiffs allege the following state law claims in their amended complaint: (1) claims for battery under Illinois law (Counts XIII – XVII); (2) claims for malicious prosecution under Illinois law (Counts XIX – XXIII); and (3) claims for intentional infliction of emotional distress under Illinois law (Counts XXV – XXIX). Plaintiffs filed their original complaint on April 23, 2007, and their amended complaint, which named Individual Defendants, on August 20, 2007.

3

A two-year statute of limitations generally applies to personal injury actions in Illinois. 735 Ill. Comp. Stat. 5/13-202 (West 2007). Thus, § 1983 claims in Illinois also are governed by a two-year statute of limitations. However, Illinois local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them. 745 Ill. Comp. Stat. 10/8-101 ("No civil action * * * may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued"). "While the two-year period still applies to § 1983 claims against such defendants, the one-year period applies to state-law claims that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

### 1. Battery Claims

Plaintiffs' amended complaint states that on March 26, 2006, Plaintiffs were "lawfully on a public street located at approximately 9000 South Mackinaw Street in Chicago, Illinois," were "detained [ ] for several minutes without probable cause," and "were subjected to an intrusive body search" by each of the Individual Defendants. In Counts XIII through XVII, Plaintiffs allege state law battery claims against each of the Individual Defendants.

Under Illinois law, a battery claim accrues on the date that the battery occurred. See *Montgomery v. City of Harvey*, 2007 WL 4232729, *2 (N.D. Ill. November 28, 2007). Plaintiffs did not file their lawsuit until April 23, 2007, and did not name Individual Defendants until August 20, 2007. Because Plaintiffs did not bring their battery claims against Individual Defendants within the one-year statute of limitations set forth in § 10/8-101 of the Illinois Tort Immunity Act, their claims are time-barred.

4

## 2. Malicious Prosecution Claims

Plaintiffs' amended complaint also states that on April 24, 2006, Plaintiffs appeared in court on criminal charges for soliciting unlawful business. According to the amended complaint, Individual Defendants intentionally failed to appear as witnesses for the City of Chicago, and the court entered an order dismissing the charges against each Plaintiff. In Counts XIX through XXIII, Plaintiffs allege state law malicious prosecution claims against each of the Individual Defendants.

Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (citation omitted); see also *Foryoh v. Hannah-Porter*, 428 F.Supp.2d 816, 824 (N.D. Ill. 2006). In this case, Plaintiffs' underlying criminal cases were dismissed on April 24, 2006. Although Plaintiffs filed this lawsuit on April 23, 2007, they did not name Individual Defendants until they filed their amended complaint on August 20, 2007. Thus, the malicious prosecution claims survive only if the filing of the amended complaint relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c).

According to the Seventh Circuit, Rule 15(c) permits an amendment to relate back to the original complaint only "'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.' Accordingly, it is equally well established that Rule 15(c)(3) [now Rule 15(c)(1)(C)] 'does not permit relation back where * * * there is a lack of knowledge of the proper party.'" *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The Seventh Circuit has also held that, "in the absence of a mistake in the identification of the proper party, it is

5

irrelevant for purposes of [Rule 15(c)(1)(C)] whether * * * the substitute party knew or should have known that the action would have been brought against him." *Id*.

In this case, Plaintiffs did not make a mistake concerning Individual Defendants' identities when they filed their original complaint. Rather, they simply did not know the identities of the police officers they encountered on March 26, 2006. Accordingly, when Plaintiffs later amended their complaint to name Officers Ivan Ray, Terrence McMahon, Lou Toth, Rodolfo Camarillo, and Harris (Star #12185) as defendants, that amendment did not relate back to the filing of their original complaint. Therefore, because Plaintiffs did not amend their complaint to name the officers as defendants until after the one-year statute of limitations had expired, Plaintiffs' malicious prosecution claims are time-barred.

### 3. Intentional Infliction of Emotional Distress Claims

Plaintiffs' remaining state law claims are for intentional infliction of emotion distress. Plaintiffs allege that the conduct exhibited by Individual Defendants was "extreme and outrageous" and "intended to inflict severe emotional distress" or, at a minimum, that Individual Defendants "knew that there was a high probability that their conduct would cause the Plaintiffs to suffer severe emotional distress."

Under Illinois law, an intentional infliction of emotional distress claim is construed as a "continuing tort" and accrues on the date of the last injurious act. "A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003); see also *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). "Where there is a single overt act from which subsequent

6

damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." *Id*.

According to the amended complaint, the arrests and alleged batteries occurred on March 26, 2006, and the state court dismissed the underlying criminal charges on April 24, 2006. Therefore, Plaintiffs' intentional infliction of emotional distress claims accrued no later than April 24, 2006, the date when the state court dismissed the charges against them. Plaintiffs did not name Individual Defendants until August 20, 2007 – and, as explained above, naming unknown officers does not toll the statute of limitations. See *Baskin*, 138 F.3d at 703-04. Accordingly, Plaintiffs' intentional infliction of emotional distress claims are time-barred under the one-year statute of limitations set forth in the Illinois Tort Immunity Act. See *Evans*, 434 F.3d at 934-95.

## III. Conclusion

For the reasons stated above, the Court grants Individual Defendants' Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' State Law Claims as Time Barred (DE 41) and dismisses Plaintiffs' state law battery claims (Counts XIII – XVII), malicious prosecution claims (Counts XIX – XXIII), and intentional infliction of emotional distress claims (Counts XXV – XXIX).

Dated: April 29, 2008

                                              Robert M. Dow, Jr.
                                              United States District Judge